McFarland, J.,
delivered tbe opinion of tbe court.
The bill is by the distributees and heirs of the estate of. Hardy Johnson, deceased, to surcharge and falsify the settlement of the administrator with the county court, and to enjoin a suit pending in the circuit court by the administrator to sell a part of the land to pay the outstanding debts. 9'his latter relief was also sought by a cross-bill bled by the administrator in the present case. An account was taken and excepted thereto, parts of which have been insisted upon in this court. 1st. In bis settlement with the county court, made the 20th of September, 1869, the administrator obtained a credit of $250.02, upon an account due himself. He was qualified as administrator in August, 1866. *398 Under our authorities, we are constrained to hold this claim barred by the statute of limitation, in favor of personal rep-i*esentative. It has been several times held that this statute is operative against the personal representative himself. If money came to* his hands sufficient to pay the debt within the time limited, he must within that time retain the debt due himself, and he must evince this intention to retain within the time, by claiming the same in his settlement with the county court within the two years and six months.
This may, in some aspects, be a severe rale against personal representatives, but it seems to* be too well settled to allow a departure from it. See Byrn v. Fleming, 3 Head, 659, 661-663; Hammer v. Mammer, 3 Head, 398, 403; Harrison v. Henderson, 7 Heis., 315, 334, 335; Wharton v. Marberry, 3 Sneed, 603, 607.
This record shows that money sufficient to pay the debt came to the hands of the administrator within the two-years, and the settlement shows that he did not evince his determination to retain it until after that time. The credit was pointed out by the bill, but objected to upon the ground that it had been paid.
The next exception is to the costs and counsel fee in the case commenced by the administrator in the circuit coui't. We have no doubt these were properly allowed. That cause was commenced in good faith, and for sufficient cause. The other part of the same exception has reference to the balance shown by the county court settlement in favor of the administrator. This is changed by disallowing the above claim of the administrator, but not otherwise.
The next question is, whether the oustanding debts for-which the land was ordered to- be sold, were barred by the-statute of limitations, or was the bar saved by the request for delay proved by the administrator, and we think it was. His laxiguage is, perhaps, subject to some criticism, but we-think it sufficiently explicit. He says certain claims were- *399 presented to liim within proper time. They were not paid or sued upon, because he had not the means, but to save costs he promised to pay the debts as soon as he could realize funds from the rents or sale of the land. He does not remember his exact language, but says it amounted to a request not to sue until funds were realized from one of the above sources for their payment. We think this sufficient.
It is clearly shown that he regarded the debts as just; that .he did not design to contest them, but to save costs, requested the delay. It is very important that administrators shall be protected in the exercise of this power, to save costs to the estate, by requesting no suit to be brought in proper cases; otherwise estates might be ruined by unnecessary costs, and when exercised in good faith, it is effective against the heirs. The claim of Kyle is in a more doubtful attitude. It is not specified by the administrator directly as one of the claims upon which he requested delay, but he shows that he did specify this as one of the claims for which he asked a sale by his petition in the circuit court, and that he paid $25 upon the note within the two years for which a credit was allowed him.
We think it may fairly be taken that this was one of the claims upon which delay was requested.
The decree will be affirmed except as to the first point. I'he record shows that the administrator has acted with due diligence and with perfect good faith, except as to the one item, as to which the administrator is chargeable with no intentional wrong. The litigation against him has been without cause and vexatious.
The entire costs, both in this and the court below, will be paid out of the rents of the estate.